Taylor, Chief-Justice.
 

 The act of 1820, is directory to Sheriffs, as to the mode of conducting sales, and authorises them to continue the sale from day to day, if the whole of the property taken in execution cannot be sold the same day. But as it does not specify the reasons which may prevent a sale of the property, they must necessarily be judged of by the Sheriff, to whom a discretion, to a certain extent, is thus given. The reason for adjourning the sale, is within the spirit of the act, and would, in general, operate for the benefit of the parties. But on no principle can it annul the sale, for the Sheriff is made liable to a penalty for disobeying the act; though, in,.this instance, he cannot be said to have
 
 *18
 
 disobeyed it, for the occurrence of the election rendered it highly improper to proceed with the sale, and may, according to the act, be understood as preventing it. I approve of the ground taken by the Superior Court, and think its judgment ought .to be affirmed.
 

 Hall, Judge.
 

 The act of 1820,
 
 New Rev. ch.
 
 1066, gave the Sheriff the power of continuing the sale from day to day, provided the sale could not be completed on
 
 Thursday;
 
 a very good reason is given why, in the present case, the sale was not completed on that day
 
 ;
 
 on the next day the property in question was offered for sale and purchased by the Defendant, and it is objected that the sale was not good.. The objection cannot be sustained
 
 •,
 
 the reason for continuing the sale till Friday, might be, and probably was, as good as if it had been .continued over for want of time to make sale of the property on Thursday. There must be judgment for the Defendant.
 

 Henderson,
 
 Judge,
 
 concurred.